Your Honor, may it please the Court, my name is Alan Levin. I represent the petitioner in this case, a young child, Eugenio Gallus. And I'd like to reserve a portion of my time for rebuttal. The defendant's interpretation of the facts and circumstances in this particular case are objectionable to me, and I think that the veracity of their pleadings leaves something to be desired. Well, we start, this is coming up to us on a grant of a motion to dismiss for failure to state a claim under Rule 12b-6. Is that correct? That's correct. So we take the allegations and the complaint as true, and we ask whether or not there's any plausible set of facts that would entitle you to relief. That's correct. All right? Yes. Okay. It's well settled. As I understand it here, what the district court said is that on the allegations as alleged, and focusing on what appears to be in the complaint, from my reading of the complaint several times, is that you would have attempted to allege a negligence claim, and a nuisance claim, on behalf of this minor child. That's correct. Is that correct? Yes. Now, the district court focused on injury. That's correct. Is that right? That's correct. Let me ask you this. What's the theory of your negligence claim? The ---- Negligence has different formulations. Well, the ---- as outlined in the Third Amendment complaint, the ---- each defendant owed a duty to this little boy to keep their product away from his body. Okay. That's the duty prong. That's the duty. All right. They breached that duty by contaminating the environment in which this child plays, the playgrounds, the streets, his own home, and the schools. They contaminated that. Is injury? The injury is an injury, in fact. First of all, it's the exposure. And it's the fear of cancer. Let's break that down. Exposure. What's the alleged exposure in the complaint? The alleged exposure is to the known carcinogens in jet fuel. Well, let me ask you this. Did they spill the fuel nearby? Yes. They actually ran a pipe under a grammar school that has a 2,000-fold increase incidence of acute lymphocytic leukemia. And we have discovered, and they have discovered, jet fuel in the soil, in the playgrounds of that school. Okay. So he walked on the soil. He walked on the soil. So that's exposure. And he breathed the soil. And he played in the soil. He breathed the soil. And the soil got on his skin. Okay. And so the injury is? The injury was, at the time, the fear of developing cancer and the increased risk of developing cancer. Okay. Now, is your claim a straight negligence claim? That is, one who suffers physical injury? That's correct. You're not alleging a negligent infliction of emotional distress claim, are you? I am not. You're not. Okay. So we've gone through duty. We've gone through breach. We've gone through causation. Now, let me ask you this. Has the Nevada Supreme Court addressed this particular type of negligence claim? Oh, yes. It's an ordinary negligence claim. Yes. And this type of injury, the exposure, what's the most analogous case under Nevada law? I think Bedillo may be a case that would be similar, I suppose, in that these people claimed that they were exposed to secondhand smoke and they needed medical monitoring for the adverse effects of being exposed to the smoke, even though they did not know they had the disease process. Which case is that, the Bedillo versus National Brands? It's mentioned in the pleadings. Nevada versus Firestone, of course, is a California case, but that's also similar. Isn't that the case, though, where they said all we're saying is that this is a potential, medical monitoring is a potential remedy, but that you still have to have a cause of action? In Bedillo, that's correct. In Potter, they said that if you can establish more probably than not that this person was going to develop disease from the exposure, then medical monitoring is a reasonable cause of action in California. Well, I understand, but we're in Nevada. In Nevada, we have Bedillo. What would the Nevada Supreme Court do on an issue it hasn't reached yet? It didn't reach it in Bedillo. In the Bedillo decision, the court did say that medical monitoring is a viable remedy for negligence. It's a viable remedy for concealment, which we have here. It's a viable remedy for nuisance, which we also have here. Well, what do you do with the language? I'm looking at... Let's see, this would be... On my printout, it's page... It doesn't matter. At any rate, the language towards the end of the opinion, where they say, without input from the parties, we decline to consider this overwhelming array of causes of action to which the remedy of medical monitoring could attach. Moreover, we need not consider an issue that has not been fully raised by appellants or meaningfully briefed by either party. I read that as saying, we don't decide whether medical monitoring is a recognized remedy or not. Well, in the decision, they state very clearly that medical monitoring is a viable remedy for a cause of action in negligence. What they do state is that medical monitoring in the state of Nevada is not a cause of action. And we are not pleading it as a cause of action. You're attempting to... You tried to allege a negligence cause of action, traditional as you put it, cause of action based on negligence. That's right. Duty, breach, causation. We don't have to deal with causation. Duty, breach, causation, damages, yes. And injury. Damages, injury, yes.  Correct. And we have an injury, in fact. But on this complaint, you hadn't alleged any injury. We did. And the risk of, the fear of cancer, the fear of contract, of getting cancer, it doesn't, isn't going to do it because it's too, you know, just isn't recognized, that kind of ephemeral... Well, it has been recognized. It's been recognized in Friends versus, Friends of All Children versus Lockheed. It's been recognized... And in a Nevada case? No, that's a D.C. Circuit case. Oh, I'm interested in Nevada law. Well, in Nevada law, this is a case of first impression, I would guess, but on the other hand, if you look at Bedillo, Bedillo says that medical monitoring is a viable cause of action in a, medical monitoring is a viable remedy for a cause of action in negligence. But in that case, they said we're unpersuaded on the facts of this case, which is the secondhand smoke exposure, to recognize a cause of action or remedy for medical monitoring for exposure to hazardous substances. And that seems to me pretty directly analogous to your theory, which is exposure to the hazardous substances in JP8 jet fuel. It, the court very clearly states that medical monitoring is a viable remedy in the state of Nevada. And it's a viable remedy for a traditional negligence, traditional concealment. As I understand what they said in Bordillo, and you, you can correct me if I'm wrong, but let's just assume you had a classic negligence case and let's, let's even deal with fuel that, that you were, so somehow or either, for some reason or other this, the fuel actually, you know, was all over your body and it caused some physical reaction to your body. And you, nonetheless, you still had concern about getting cancer down the line from this direct exposure to your body. Seems to me, in that instance, in Nevada, as part of your relief, in addition to whatever damages you might be entitled to for the injury, the physical injury to your body, that under Bordillo, that case, that recent case from Nevada, you could get medical monitoring as part of your damages remedy. Yes. Now the problem here is, is, is what you've alleged in a traditional negligence, in an attempt to allege a traditional negligence claim, it's, there's no allegation here in the complaint and I guess in federal court pleading, I don't know that you need to make the allegation, that the fuel directly, you know, was on the, was on this fellow's body. There is, though, it's an action to it. The, the complaint does state that the child played in the soil that the defendants contaminated and the complaint also provides incontrovertible evidence But it does not allege that he suffered any physical injury. He, well, factually he has suffered a physical injury. Well, I'm, but on the, in the complaint, no, no, I mean, today he's, three times to, to, to allege your facts. You don't allege physical injury, really what you allege. Because at the time the child had no, no detectable physical injury. And I think what you allege was the fear. And increased risk, your honor. Increased risk is a compensable injury. Okay, Paulman said that issue has not been addressed by the Nevada Supreme Court. The increased risk of, well, in fact, in my 28J supplementation, we showed that, number one, that the children of, of Fallon do have the genetic mutation that we were pleading for back in 2001. That's number one. Number two, that the state of Nevada has received a grant from the CDC, which is a federal government, to screen for people at increased risk of exposure to radiation, which is the same issue. But that doesn't, that still doesn't address the concern that we're wrestling with about the actual injury directly to Eugenio. The injury is an injury, in fact, just like with, with, well, Badillo and also with all of the other cases that I cited outside of Nevada. Let me ask you the follow-on question then. Should we certify this case to the Nevada Supreme Court and ask them to answer the question they left open in Badillo because you've now presented a more concrete set of facts and presumably would be in a position to better brief the issues than the parties in Badillo were able to do? I, yes, sir. You have a nuisance claim as well. Okay. Now we have nuisance. In, in the nuisance issue, the child is a citizen of the United States and as a citizen of the United States, enjoys constitutionally protected property interests in the home he lives in, the streets he walks on, the lawns he plays in, the parks he plays in, the schools he attends. Doesn't Nevada law require some sort of an ownership interest in the underlying property in order to avail oneself of a nuisance claim? No, that's not correct. The Nevada nuisance statute states that it's that anyone can bring a nuisance claim if his or her property has been his use and enjoyment of the property has been impeded or the use and enjoyment of the property I have to read to you the statute and I have it and so I would like to give you the statute the argument of that later but let me Nevada statute does allow for children to have a nuisance claim Does it make any difference whether you call it public or private nuisance? It's a private nuisance, yes. Is that because the alleged nuisance affects him in a particularized way? Yes, because he's a young child and it's susceptible to diseases caused by jet fuel. So the each and every defendant's conduct allowed jet fuel to permeate uncontrolled into the child's environment and the use and enjoyment of his particular property was negatively impacted. And when I find the Nevada statute I will read it to you. Then we go to concealment of fraud and indeed by the way medical monitoring is a remedy for fraud and concealment. What's your evidence of fraud? The 30-minute complaint clearly outlines the time, date, and person and subject of the concealment in this case. And that's clear in the 30-minute complaint. The reliance is the act of relying. As a result of his reliance he suffered an injury in fact. And by Nevada pattern jury  9.03 the Does Eugenio have to rely or is it sufficient that his guardian relies? It's sufficient that his guardian relies. Because the knowledge has to be imputed to the baby because he's a baby. And the guardian allowing him to play on the contaminated property is reliance. And there is a recognized remedy for fraud in medical monitoring. And then the strict liability ultra hazardous activities the cause of action against the non-government defendants. As we outlined we cannot use strict liability against the non-government defendants. I just have      know you want to say something but I don't have time to answer it. I just have one minor question for you. The city alleged particular its own particular set of immunities under state law. Why isn't it immune from all of this? Because it did not act in good faith it's not immune from fraud it's not immune from concealment it actually as you read in the pleading is the city engaged in the transportation of the materials through the city plus it routinely monitors the transportation of jet fuel through the city I think there was a whole federal government that has never alleged that it was preempted by the federal government it claimed sovereign immunity yes but it has to act in good faith in order to maintain that immunity you want to save some time yes thank you Tom Van Wingarden for respondent Kinder Morgan entities what I would like to do is take each of the claims in order I will be focusing on Nevada law first of all with regard to the nuisance claim Nevada does not recognize  nuisance so all we're dealing with here is a potential private nuisance in order to maintain a claim for private nuisance as a matter of law the plaintiff must have suffered a special injury different in kind and nature to that allegedly suffered by the community at large contrary to that at page six of appellant's opening brief it is stated that Eugene Galas has suffered a nuisance because he lives in the same community under the same conditions exposed to the same carcinogens as the children who constitute these clusters quote on quote that alone takes this out of private nuisance it is even if it were the case that Eugenio had not because it the pipes were under his apartment or whatever the school that he had an increased fear of contracting cancer which is different in kind than the fellow down the block at the park it's really the basis for it it's not his really subjective intent on the special injury element of a private nuisance if a pipeline would run through the town for example that may or may not affect the entire community there is no specific injury to this individual ized plaintiff for example if we took the pipeline into the school there's nothing in the complaint that indicates where there was any leak if there was any leak at all at any time i'd ask the court to take a  at   and see if there was any leak at all at any time if there was any leak at all at all at all at     was any leak at all at all at any time if there was any leak at all at all at all at all every time at all at all at least  all at for all at ever at the time at all at every time any other road for all at the time at all at the time at the road for all at the time at the road for all at the time at the road for all at the time  the road for all at the time at the road for all at the road for all for all at the road for all at   at the time for all at the time for Him At the  All At the Time Time for  At the Time for At the Time for  At the for All At the At the Time for
judges: Paez, Tallman, Karlton